**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **SHERMAN HARPER**, | * |
| Plaintiff | * |
| v. | * Civil No. **PJM 10-00593** |
| **MFR.'S & TRUST CO. et al.** | * |
| Defendant | * |

## MEMORANDUM OPINION

Plaintiff Sherman Harper, *pro se*, sued Manufacturer's & Trust Company ("M&T Bank") and four of it's employees, Robert G. Wilmers, Mark J. Czarnecki, Michael P. Pinto, and Robert H. Newton, in six counts stemming from Harper's purchase of an automobile. The Counts are: 1) violation of the Fair Debt Collection Practices Act ("FDCPA"); 2) material misrepresentation; 3) fraud in the inducement; 4) fraud in fact; 5) deprivation of civil rights, and; 6) cancellation of debt based on the previous five counts.

Defendants have filed a Motion to Dismiss or, in the Alternative, for Summary Judgment. [Document No. 7]. For the reasons that follow, Defendants' Motion to Dismiss is **GRANTED**.

**I.**

Harper purchased a 2009 Dodge Ram from a car dealership on February 11, 2009. He claims that he purchased the vehicle "outright," but implicitly acknowledges taking out a loan from M&T Bank to finance the purchase, and in fact made monthly loan payments until October, 2009. Harper claims that he stopped making the payments in October, 2009 because he concluded that the M&T Bank loan was invalid.

On December 30, 2009 Harper sent to M&T Bank and Wilmers 50 "interrogatives" (sic) and an "affidavit of notice official cancellation/discharge of notes and draft." In the affidavit, Harper asserted that the loan was fraudulent and that Defendants' lending practices were illegal. Harper also demanded cancellation of the loan. Neither Defendant responded. On February 25, 2010 the 2009 Dodge Ram was repossessed. This suit followed.

On March 9, 2010 Harper filed this Complaint against Defendants, but because it lacked a statement of facts or a basis for jurisdiction, the Court issued an order granting Harper 21 days to supplement the original Complaint. On March 22, 2010 Harper filed a Supplement to the Complaint. Defendants filed a Motion to Dismiss or, in the Alternative, for Summary Judgment on June 4, 2010, and Harper filed a response on September 10, 2010.

**II.**

Except in certain specified cases, a complaint must satisfy the simplified pleading standard of Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A motion to dismiss filed under Rule 12(b)(6) challenges the sufficiency of the plaintiff's complaint. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). Two recent Supreme Court cases clarified the standard applicable to Rule 12(b)(6) motions. *See Ashcraft v. Iqbal*, 129 S. Ct.

1937 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). Those cases make clear that the simplified pleading standard of Federal Rule of Civil Procedure 8(a) "requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 556 n.3. Accordingly, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. In making its determination, the court must consider all well-pled allegations in a complaint as true and construe all factual allegations in a light most favorable to the plaintiff. *See GE Inv. Private Placement Partners II v. Parker*, 247 F.3d 543, 548 (4th Cir. 2001). The court need not, however, accept conclusory factual allegations devoid of any reference to actual events. *See E. Shore Markets, Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000).

Complaints filed by *pro se* plaintiffs are "to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, a Motion to Dismiss a *pro se* complaint will be granted if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Treadwell v. Murray*, 878 F. Supp. 49, 51 (E.D. Va. 1995) (citing *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972)).

### III.

### A.

In his first cause of action, Harper alleges that Defendants violated the FDCPA. The elements of a claim under the FDCPA are: 1) the plaintiff has been the object of debt collection stemming from consumer debt; 2) the defendant is a third-party debt collector or has represented itself as a third party while collecting debt from the plaintiff, and; 3) the defendant engaged in practices violating the FDCPA. 15 U.S.C. § 1692(a)(6) (FDCPA generally not applicable to "any

3

officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor"). A "debt collector" is defined as any person who "regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." *Id*. A creditor and its employees who, in the process of debt collection, have not represented themselves to the debtor as a third-party are not subject to the FDCPA. *Id*.; *see Jones v. Baugher*, 689 F. Supp. 2d 825, 833-34 (W.D. Va. 2010) (granting Motion for Summary Judgment of Plaintiff's FDCPA complaint against Defendants because they neither: 1) used a third-party debt collector nor; 2) represented themselves as a third party in the course of debt collection).

Harper alleges that Defendants, without specifying which ones, attempted to collect on the M&T Bank auto loan. Accordingly, he has plead facts showing that he was the object of consumer debt collection, fulfilling the first element of a FDCPA claim. *See* 15 U.S.C. § 1692(a) (defining "debt" for FDCPA purposes as any obligation to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes). He has not shown or even alleged, however, that Defendants used either: 1) a third-party debt collector or; 2) a name other than M&T Bank while pursuing collection of the auto loan, thus Harper has failed to plead the second element of a FDCPA claim. 15 U.S.C. § 1692(a)(6) (extending coverage of FDCPA only to third-party debt collectors or creditors representing themselves as a third party); *see Baugher*, 689 F. Supp. 2d at 833-34. He has also failed to plead facts sufficient to meet the third element of a FDCPA violation, since he has not pled an act or omission on the part of Defendants that violates the FDCPA. In sum, Harper has not alleged facts showing that a violation of the FDCPA by Defendants is plausible, as required by *Twombly*. 550 U.S. at 570.

For these reasons, Count I is **DISMISSED** as to all Defendants.

**B.**

In his second and third causes of action, Harper alleges fraudulent inducement and material misrepresentation in the formation of the loan. Specifically, he claims that M&T Bank "and associates," (presumably the other named Defendants), mislead him by: 1) convincing him that he "was the debtor when (he) was actually the creditor and surety in fact," and; 2) concealing "the fact that they were going to convert (Harper) to a surety on an investment contract."

To prevail on a claim of fraudulent inducement or material misrepresentation under Maryland law, a plaintiff must plead the following:

> "(1) that the defendant made a false representation to the plaintiff, (2) that its falsity was either known to the defendant or that the representation was made with reckless indifference as to its truth, (3) that the misrepresentation was made for the purpose of defrauding the plaintiff, (4) that the plaintiff relied on the misrepresentation and had the right to rely on it, and (5) that the plaintiff suffered compensable injury resulting from the misrepresentation.

*Alleco, Inc. v. Harry & Jeanette Weinberg Found.*, 340 Md. 176, 195 (1995). In addition, under Federal Rule of Civil Procedure 9(b) a party "alleging fraud or mistake (must) state with particularity the circumstances constituting fraud or mistake." A party alleging fraud must also describe "the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Harrison v. Westinghouse Savannah River Co.,* 176 F.3d 776, 784 (4th Cir.1999). Where, as here, there are multiple defendants, a "plaintiff must state all claims with particularity as to each of the defendants and identify each individual defendant's participation." *Baltimore County v. Cigna Healthcare*, 238 Fed. App'x 914, 924 (4th Cir.2007) (quoting *Adams v. NVR Homes, Inc.,* 193 F.R.D. 243, 250-251 (D.Md.2000)) (quotation marks and brackets omitted). In other words, a heightened pleading

5

burden is placed on plaintiffs when alleging fraudulent misrepresentation or fraudulent inducement, as Harper does in Count II and Count III.

Harper alleges that M&T Bank "and associates" mislead him into acting to his disadvantage by "us(ing) deceit and trickery" and convincing him to "sig(n) an agreement and dee(d) away real property under a security deed that immediately became unlawful when they destroyed the original promissory note but not before they converted (him) from a debtor to a surety." But at no point does he specify the role that the individually named Defendants played in this purported misrepresentation. Thus the complaint fails as to the requirement that each individual Defendant's participation be stated with particularity.

Harper claims that unspecified Defendants mislead him by leading him to believe that he was the debtor when he was "actually the creditor and surety in fact," and that Defendants, moreover, omitted the fact that they would be "trading (his) unregistered securities in (his) name." Apart from the fact that this is a nonsensical assertion, Harper fails to specify what was the Defendants' misstatement that concealed or improperly omitted this information, nor has he alleged that Defendants were aware of the falsity of the statements at the time they were made. As such, he has failed to adequately plead the first and second elements of fraud under Maryland law. Beyond that, Harper has not alleged that the unspecified misrepresentations were material, or that the misrepresentations reasonably induced him to agree to the loan, thus failing to plead the third and fourth elements of fraud. Finally, Harper has not stated the damages that resulted from the alleged "misrepresentation." Harper has thus failed to plead the fifth element of fraud under Maryland law. And it is clear that no amount of unscrambling of the Complaint can cure these deficiencies.

For the above reasons, Counts II and III are **DISMISSED** as to all Defendants.

**C.**

In his fourth cause of action, Harper alleges that Defendants altered the promissory note after formation by "converting" him from a debtor to a creditor and "surety in fact." Again, the precise cause of action Harper asserts in Count IV is garbled. Assuming that Count IV alleges conversion of Harper's "loan" by M&T Bank "and associates," he would have to plead facts showing it is plausible that: 1) Defendants intentionally acted in such a way as to achieve control or dominion over his rightful property, and; 2) Defendants possessed an intent to exercise dominion or control over Harper's property inconsistent with his right to the property. *Darcars Motors of Silver Spring, Inc. v. Borzym*, 379 Md. 249, 261-62 (2004).

Harper's bare, conclusory allegations that he was converted from a creditor to a debtor come nowhere close to satisfying the pleading requirements of *Twombly* and *Iqbal*. He alleges no facts supporting the claim that he made a loan to M&T Bank, nor does he allege sufficient facts to make it plausible that M&T Bank "converted" him from a creditor to a debtor, whatever that is supposed to mean. At bottom, the implicit assertion by Harper that he took out a loan from M&T Bank to finance the purchase of his vehicle flatly contradicts his allegation that he in fact was a creditor to M&T Bank, and these wholly inconsistent statements are nowhere reconciled by any other assertions in Harper's pleadings.

Count IV is **DISMISSED** as to all Defendants.

**D.**

In Count VI, Harper may be attempting to assert a claim of deprivation of civil rights under 42 U.S.C. § 1983. 42 U.S.C. § 1983 provides a civil cause of action for citizens who are deprived of a constitutional right by another party acting under color of law. The under color of state law element of § 1983 excludes from its reach "merely private conduct, no matter how

7

discriminatory or wrongful." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999). None of the Defendants in this case are public actors or ever functioned as such.

Accordingly, Count VI is **DISMISSED** as to all Defendants.

**E.**

In Count VII, Harper seeks relief from the M&T Bank loan based on Maryland Com. Law § 3-305 which, in relevant part, holds that a debtor may be released from his obligation due to: 1) "illegality of the transaction which, under other law, nullifies the obligation of the obligor" or; 2) "fraud that induced the obligor to sign the instrument with neither knowledge nor reasonable opportunity to learn of its character or its essential terms." Md. Code Ann., Com. Law § 3-305(a)(ii)-(iii). In doing so, he relies on the several causes of action that the Court has just found meritless. None of the five Counts he asserts, insofar as they are even intelligible, are pled with sufficient specificity to survive a motion to dismiss. Harper's claim for debtor relief under § 3-305 cannot be maintained and, accordingly, Count VII is **DISMISSED**.

**IV.**

For the foregoing reasons, the Court **GRANTS** Defendants' Motion to Dismiss [Document No. 7] as to all Counts. Final judgment will be entered in favor of Defendants and the case will be **CLOSED**.

A separate Order will **Issue**.

                                                                       /s/
                                      **PETER J. MESSITTE**
**February 28, 2011**                           **UNITED STATES DISTRICT JUDGE**